Eastern District of Kentucky
**FILED**

JUL 1 8 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-212-JMH

DAVID CHAVEZ                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, JR., Warden                                      RESPONDENT

\* \* \* \* \* \*

David Chavez, an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has paid the district court filing fee and submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner challenges the Bureau of Prisons' ("BOP") sentence computation which denies him credit toward his sentence for time which he spent in a community corrections center ("CCC") prior to his surrender to prison authorities.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a typewritten petition, an incorporated memorandum of law and attached documentary exhibits. Record No. 1. The following is a summary or construction of the petitioner's allegations therein.

The petitioner was arrested by federal authorities on March 18, 2002, in Albuquerque, New Mexico, and on March 20, 2002, he was released on bond, conditioned on his residing at a halfway house [commonly called a CCC] there. On March 10, 2004, he was sentenced to 97 months' imprisonment by the United States District Court for the District of New Mexico. The petitioner continued his residence at the CCC until May 4, 2004, when he surrendered at FMC-Lexington for service of his sentence.

The petitioner sought pre-sentence credit for the time spent in the CCC, from his release on bond on March 20, 2002, until his surrender at the prison on May 4, 2004, for a total of 25 months and 14 days, but the BOP denied all of that time. Attachments to his petition demonstrate that Chavez exhausted his administrative remedies on the matter, and they also reveal the BOP's rationale in denying the credit. According to the BOP, 18 U.S.C. §3585(b) directs that credit will be given toward a prisoner's federal sentence only for "time he has spent in **official detention** prior to the date the sentence commences" (emphasis of the BOP), and "official detention" is not satisfied by residence in a halfway house while on bond. The BOP has written this policy into Program Statement ("P.S.") 5880.28, Sentence Computation Manual, which was followed herein; moreover, the policy is based upon the statutory interpretation of "official detention" handed down in *Reno v. Koray*, 515 U.S. 50 (1995).

2

The petitioner argued then and has argued herein that the BOP is authorized to award him these credits under 18 U.S.C. §3585(b) and denial of them is (1) contrary to the statute; (2) violative of the due process and equal protection guarantees of the U.S. Constitution; and (3) an absurd result obtained by following the now-dated *Koray* decision. The petitioner contends that the legal landscape has changed since the *Koray* decision, and he cites to other courts' opinions which have purportedly recognized the change and purportedly awarded CCC credits. He asks this Court to follow their lead and order the BOP to credit him with the pre-prison time which he was required to spend in the CCC.

## DISCUSSION

The Court begins with the statute directing the award of credits for time spent in detention prior to a prisoner's beginning to serve his sentence at a BOP facility and the case law flowing therefrom. The statute reads in pertinent part as follows:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. §3585(b). Under the statute, it is the Attorney General, through the Bureau of Prisons, who is authorized to grant a prisoner credit for time spent in pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). Congress has limited the available credits in two ways, the statute specifying that credits be given only for time in "official detention" and only

3

time "that has not been credited against another sentence." *Id.* A district court, however, may grant

a petitioner equitable relief under 28 U.S.C. §2241. *Wright v. United States Board of Parole*, 557

F.2d 74, 77 (6th Cir. 1977).

In the 1995 decision of *Reno v. Koray*, the Supreme Court of the United States was faced

with a split in circuits on the very issue raised herein, *i.e.*, whether a prisoner "released" on bail

pursuant to the Bail Reform Act of 1984[1] is entitled to credit toward his sentence under §3585(b) for

time spent in a community treatment center, as a condition of his release on bond. The High Court

held that time which the prisoner had spent at a community treatment center "while 'released' on bail

pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C.

§3585(b). [Petitioner Koray] therefore was not entitled to a credit against his sentence of

imprisonment." 515 U.S. at 65.

The result in *Koray* was to agree with the circuits which included the Sixth Circuit's earlier

decision on the issue in *United States v. Becak*, 954 F.2d 386, 388 (6th Cir.), *cert. denied*, 504 U.S.

945 (1992). The appellate court in this circuit had examined the statute; held that sentence credits

under §3585 may be granted only for "conditions equivalent to physical incarceration"; and affirmed

denial of the credits. *Id.* This Court had already followed the *Becak* decision to come to the same

conclusion about pre-sentence CCC credits. *See Modlin v. Hambrick*, 793 F.Supp. 136 (E.D. 1992)

(the Honorable Karl S. Forester, presiding) (petitioner's confinement in a CCC, as a condition of her

release on bond, was not "official detention," and so she was not entitled to have the time credited

toward her federal sentence).

*Becak* and *Reno v. Koray* are still good law. Although the instant petitioner has alleged that

_____

[1]        *See* 18 U.S.C. §3142.

the legal landscape has changed, he has pointed to no authority for such a claim. The statute is not changed. The complained-of Program Statement, P.S. 5880.28, which is grounded in *Reno v. Koray*, has not undergone any change away from the *Reno v. Koray* holding. Nor has case law wrought the change which the petitioner claims.

The instant petitioner cites to and often repeats favorable language from recent case law, but the decisions do not, in fact, challenge *Reno v. Koray*, or interpret 18 U.S.C. §3585(b) or stand for the proposition for which they were cited. For example, the petitioner cites to *United States v. Sack*, 379 F.3d 1177 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1724 (2005), but the inquiry therein was on whether a CCC qualified as a facility from which a prisoner could be convicted for escape. The appellate court clearly stated that the statute it was interpreting was 18 U.S.C. §751, which sets out the elements of the offense of escape, while "*Koray* was examining the language of 18 U.S.C. §3585." *Id.* at 1179.[2]

Similarly, the instant petitioner's reliance on language in *Serafini v. Dodrill*, 325 F.Supp.2d 535 (M.D. Penn. 2004), and *Crowley v. Federal Bureau of Prisons*, 312 F.Supp.2d 453 (S.D.N.Y. 2004), is not well placed. In these cases the district courts were examining still another statute, 18 U.S.C. §3624, wherein the BOP has been granted the authority to permit prisoners to serve the last 10% of their sentences, up to six months, in a CCC. The inquiry was into the BOP's statutory authority to decide the length of time that prisoners may serve at a CCC, not the definition of "official detention."

_____

[2] As to P.S. §5880.28, the Tenth Circuit noted that the most recent version, effective 1997, simply recites the holding of *Koray* to justify the BOP's policy regarding time credit for pretrial detention. While a change in policy may occur, it has not happened yet. *Sack*, 379 F.3d at 1180, n.3.

The Court has screened the instant petition against current case law and encountered numerous opinions upholding the continuing viability of *Reno v. Koray* and supporting the conclusion reached herein. *See e.g., United States v. Franklin*, 64 Fed.Appx. 965 (6th Cir. 2003). Petitioner Chavez, however, has presented no authority to case law in support his claim of entitlement to sentence credits under §3585(b) for the time which he agreed to spend in a CCC, as a condition of his pre-trial and pre-surrender release. Nor does the instant petitioner present any support for his due process or equal protection claims.

Therefore, the instant petitioner has failed to state a claim upon which this Court may grant relief, and dismissal is required.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    Petitioner Chavez's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2)    the action herein will be **DISMISSED** from the docket of the Court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

This the ___18th___ day of July, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: